**Andrew J. MURPHY, Plaintiff,**

v.

**AVON PRODUCTS, INC., Defendant.**

**No. 99 C 2770.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 4, 1999.

■■■■■■■

Albert Brooks Friedman, Law Offices of Albert Friedman, Chicago, IL, for Plaintiff.

Stephen J. Landes, Holleb & Coff, Chicago, IL, John Todd Shapiro, Freeborn & Peters, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

■ Defendant Avon Products has filed a motion to transfer this products liability action to the District of Arizona. Plaintiff Andrew Murphy is a resident of Arizona who bought Avon Lift Protective Cream and applied it to his face. After some of the cream came into contact with his right eye, Murphy experienced pain, redness, blurred vision, and eventually loss of vision in that eye. Murphy received emergency medical treatment at a Scottsdale hospital and sought follow-up treatment from physicians in that area. He brought this suit in Illinois, however, because his brother is a Chicago attorney—which according to Murphy will save him a considerable amount in attorney's fees—and because he thinks that Avon may have made the skin cream in Cook County since it has a large plant here. Under 28 U.S.C. § 1404(a), we may grant Avon's motion if we find that venue is proper both in this Court and in the District of Arizona and that a transfer will best serve the convenience of the parties and witnesses as well as the interests of justice. *See, e.g., CoolSavings.Com, Inc. v. IQ.Commerce Corp.*, 53 F.Supp.2d 1000, 1004 (N.D.Ill. 1999) (Aspen, C.J.). We will transfer this case only if we find that the District of Arizona is "clearly more convenient" than this district. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir.1986).

■ Venue is proper both here and in Arizona: Avon has a plant here and its products are sold in Arizona, so it is subject to personal jurisdiction in both states, and venue is proper where a corporation is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(a), (c). We therefore turn to the convenience of the parties and witnesses and the interests of justice.

The first private interest we consider is Murphy's choice of forum, "which we give substantial weight unless the choice of forum lacks any significant connection to the claim." *CoolSavings*, at 1005. Murphy says that his claim is connected to this district because the face cream may have been manufactured in Cook County, but this argument rests on pure speculation: nothing in the record indicates where Avon manufactured the cream he used, and Avon has plants in other states as well. Murphy even states in his brief that "the product in question was more than likely manufactured in Springdale, Ohio, warehoused and shipped out of Morton Grove, Illinois or Pasadena, California to Plaintiff in Arizona." Pl.'s Br. at ¶ 3. Moreover, Murphy is not a resident of this district, so his choice is entitled to even less weight. *See, e.g., H.B. Sherman Manuf. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill.1997). The lack of any demonstrable connection between Murphy's case and this district thus weighs in favor of transfer to the District of Arizona.

The next factor we consider is the site of the material events. *See CoolSavings*, at 1005. In this case, all we know is that Murphy's injury and medical treatment took place in Arizona. As we observed above, we do not know where the face cream was manufactured, and no other fact connects this case to Illinois: Murphy lives in Arizona, Avon's headquarters are in New York, and Avon manufactures its products in a number of states. This factor therefore weighs in favor of transfer.

The third factor—the relative ease of access to sources of proof in each forum—also favors transfer. Since we do not know where the cream was manufactured, we do not know where the documents re-

lated to the manufacture are located. Any of Avon's documents can be produced in Arizona just as in Illinois, and documents related to Murphy's medical treatment will be located in Arizona. Also, while there may be party witnesses in both states, there are non-party witnesses—Murphy's doctors—in Arizona, which could present a problem if the doctors are unwilling to cooperate since a subpoena from this district cannot reach them but a subpoena from the District of Arizona can. *See* FED. R. CIV. P. 45(c)(3). This issue strongly favors the District of Arizona over this Court, as "the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." *Greene Manuf. Co. v. Marquette Tool & Die Co.*, No. 97 C 8857, 1998 WL 395155, at *3 (N.D.Ill. July 9, 1998).

The last private interest is the convenience of the parties, including their respective residences and abilities to bear the expenses of trial in each forum. *See CoolSavings*, at 1006. This motion is rather unusual, in that Avon requests that we transfer this case to Arizona, which Murphy argues is much farther from Avon's New York headquarters than is Chicago. However, Avon claims that Chicago and Arizona are equally convenient places for it to litigate. Indeed, the increased flight time from New York to Arizona—rather than Chicago—is insignificant. In any event, the inconvenience and cost of added travel time would be borne by Avon, not Murphy. Murphy also argues that Chicago is more convenient for him even though he lives in Arizona, since the legal assistance he is getting from his brother—who lives and works in Chicago—enables him to maintain this lawsuit at a relatively low cost. We are not convinced that litigating in Arizona would be significantly more burdensome for Murphy than for Avon. Products liability plaintiffs are traditionally represented by attorneys on a contingent fee basis. Murphy will not be paying an Arizona attorney hourly fees, which his brother might otherwise provide *pro bono* in Illinois. Even if Murphy's attorneys would be billing him hourly, we would not be inclined to keep the case here just because Murphy may have access to less expensive counsel in Chicago. *See generally Martz v. Archer–Daniels–Midland Co.*, No. 94 C 5057, 1995 WL 348046, at *2 n. 5 (N.D. Ill. June 6, 1995) (Aspen, J.) ("the location of counsel is not traditionally considered significant in a § 1404 analysis, and we shall therefore disregard it").

Finally, we look at the public interest factors, including the desirability of resolving a case in a particular forum and the two courts' familiarity with the applicable law. *See CoolSavings*, at 1006. While Illinois has an interest in the safety of products manufactured here, Arizona has an interest in resolving disputes that arise out of injuries to its citizens inside its borders, so that consideration does not tip the scales in either direction. As for our familiarity with the law, it is unclear at this point which state's law will apply to the case, but we do not give this factor much weight since federal courts today should be capable of ascertaining and applying the laws of any state. The "interests of justice" therefore neither strongly favor nor oppose transfer, and we are guided solely by the private considerations outlined above.

In sum, this case has no connection to Illinois of which we are aware besides the residence of Murphy's attorney. The site of manufacture of the product at issue is unknown, but Murphy's injury took place in Arizona, he was treated there, and Arizona is a more convenient forum for the non-party witnesses. We therefore conclude that Arizona is the better place to litigate this case, so we grant Avon's motion and transfer it to the District of Arizona pursuant to 28 U.S.C. § 1404(a). It is so ordered.